UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAY LIEBMAN, *et al.*,

    Plaintiffs,

    v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, *et al.*,

    Defendant.

Civil Action No. 13-1392 (CKK)

**MEMORANDUM OPINION**
(February 11, 2014)

Plaintiffs Jay and Andrea Liebman bring this action *pro se* challenging the judicial foreclosure of their property as well as the servicing of their mortgage prior to the foreclosure. Presently before the Court are several motions to dismiss filed by various groups of Defendants in this case. Upon consideration of the parties' submissions,[1] the applicable authorities, and the

---

[1] While the Court renders its decision on the record as a whole, its consideration has focused on the following documents: Pls.' Am. Compl. ("Am. Compl."), ECF No. [6]; Defs. Ocwen Loan Servicing LLC & Deutsche Bank's Mot. to Dismiss Pls.' Am. Compl. ("Deutsche Bank MTD"), ECF No. [17]; Defs. Adam Hartley, Scott Sherman, & Baker Donelson Bearman Caldwell & Berkowitz's Mot. to Dismiss Pls.' Am. Comp. ("Hartley MTD"), ECF No. [18]; Request for Entry of Default with Aff. in Supp. of Request for Entry of Default J. ("Pls.' Req. for Entry of Default"), ECF No. [22]; Def. Deutsche Bank's Mot. to Strike Aff. of Default Filed by Pls. Against the Trust or in the Alternative Response to Aff. of Default ("Deutsche Bank Mot. to Strike"), ECF No. [24]; Def. Judge Marc Schumacher's Mot. to Dismiss Am. Compl. with Prejudice ("Schumacher MTD"), ECF No. [25]; Defs.' William C. Erbey, Ronald M. Farris, Joseph Ackerman, Hugo Banziger, Anushu Jain, Jurgen Fitschein, Rainer Neske, Herman-Josef Lamberti, Stefan Krause, Kevin Parker, Pierre De Weck, Clemens Borsig, and Michael Cohrs' Mot. to Dismiss Pls.' Am. Compl. ("Erbey MTD"), ECF No. [29]; Pls.' Response and Mot. to Deny Mot. to Strike Affidavit of Default Filed by Pls. Against the Trust or in the Alternative Resonse to Affidavit of Default & Pls.' Request for Entry of Default by Court ("Pls.' Opp'n to Mot. to Strike"), ECF No. [30]; Pls.' Response and Mot. to Deny the Trust, Ocwen, Adam Hartley, Scott Sherman, Baker Donelson Motion to Dismiss ("Pls.' Opp'n to Deutsche Bank & Hartley MTD"), ECF No. [31]; Defs. Adam Hartley, Scott Sherman, & Baker Donelson

entire record, the Court shall GRANT (1) Defendant Judge Schumacher's [25] Motion to Dismiss Amended Complaint with Prejudice, (2) Defendants Ocwen Loan Servicing LLC and Deutsche Bank's [17] Motion to Dismiss Plaintiffs' Amended Complaint, (3) Defendants Adam Hartley, Scott Sherman, and Baker Donelson Bearman Caldwell & Berkowitz's [18] Motion to Dismiss Plaintiffs' Amended Complaint, and (4) Defendants William C. Erbey, Ronald M. Farris, Joseph Ackerman, Hugo Banziger, Anushu Jain, Jurgen Fitschein, Rainer Neske, Herman-Josef Lamberti, Stefan Krause, Kevin Parker, Pierre De Weck, Clemens Borsig, and Michael Cohrs' [29] Motion to Dismiss Plaintiffs' Amended Complaint. The Court shall also GRANT Defendant Deutsche Bank's [24] Motion to Strike Affidavit of Default Filed by Plaintiffs Against the Trust or in the Alternative Response to Affidavit of Default. The remaining Defendants in this action are dismissed for failure to serve pursuant to this Court's January 14, 2014 [34] Order. Because this Court concludes that it lacks subject matter jurisdiction over claims relating to the propriety of the judicial foreclosure of Plaintiffs' property that have already been decided in Florida state court, this case is dismissed with prejudice to the extent it challenges this judicial foreclosure. To the extent Plaintiffs bring claims that are independent from a challenge to this judicial foreclosure proceeding, these claims are dismissed without prejudice for improper venue and failure to serve. Accordingly, this action is hereby dismissed in its entirety.

## I. BACKGROUND

---

Bearman Caldwell & Berkowitz's Reply Brief in Supp. of Mot. to Dismiss Pls.' Am. Compl. ("Hartley Reply"), ECF No. [36]; Reply Brief in Supp. of Mot. to Strike Aff. of Default Filed by Pls. Against the Trust or in the Alternative Response to Aff. of Default ("Deutsche Bank Mot. to Strike Reply"), ECF No. [37]; Defs. Ocwen Loan Servicing LLC & Deutsche Bank's Reply Brief in Supp. of the Servicer Defs.' Mot. to Dismiss Pls.' Am. Compl. ("Deutsche Bank Reply"), ECF No. [38]; Pls.' Response and Mot. to Deny Marc Schumacher's Mot. to Dismiss ("Pls.' Opp'n to Schumacher MTD"), ECF No. [39].

Plaintiffs Jay and Andrea Liebman are Florida residents who have brought suit against Deutsche Bank National Trust Company ("Deutsche Bank") and a series of individuals and businesses involved in a foreclosure action against their home. Specifically, Plaintiffs sue Deutsche Bank, Joseph Ackerman, Hugo Banziger, Anshu Jain, Jurgen Fitschien, Rainer Neske, Hermann-Josef Lamberti, Stefan Krause, Kevin Parker, Pierre De Weck, Clemens Borsig, Michael Cohrs, Ocwen Loan Servicing LLC, Reena Ruzario, William C. Erbey, Ronald Farris, Ashresh Pandey, Judge Marc Schumacher, Adam Hartley, Scott Sherman, an individual named only as Mr. Baker, an individual named only as Mr. Donelson, an individual named only as Mr. Bearman, an individual named only as Mr. Caldwell, an individual named only as Mr. Berkowitz, an individual named only as Mr. Koplowitz, an individual named only as Mr. Ostrow, five John Doe Defendants ("John Does 1-5"), the Dade County Circuit Court, Kopelowitz Ostrow P.A., Elizabeth Wellborn, Yasmin Chew-Alexis, Brian Koplowitz, Jeffrey Ostrow, Baker Donelson Bearman Caldwell & Berkowitz P.C., and Chantel Grant.[2] Am. Compl. at 1-2. Plaintiffs contend that foreclosure on their home by Deutsche Bank in Florida state court "is presently pursued *under color of law* with no standing." *Id.* at 3. Specifically, Plaintiffs allege that Deutsche Bank has no proof that it owns the loan related to their home, and, based on allegedly abusive billing practices in the past, has improperly asserted that Plaintiffs are in default on their home loan. *Id.* at 3-4. Plaintiffs allege a conspiracy led by Deutsche Bank among all the Defendants, including the state court judge presiding over the foreclosure action in Florida state court, to improperly foreclose on their home and the homes of others like them. Plaintiffs request injunctive and declaratory relief "to prevent a great miscarriage of justice", that

---

[2] Plaintiffs also initially sued, but have subsequently voluntarily dismissed, Defendant Jonathan Streisfeld. *See* Order (Jan. 14, 2014), ECF No. [35].

is "the threat of foreclosing on [their] home 'under color of law' . . . ." *Id.* at 4, 14. Plaintiffs also request punitive damages in the amount of ten billion dollars on behalf of themselves and others like them for Defendants' overcharging of mortgage-related fees resulting in improper foreclosures. *Id.* at 33. In essence, Plaintiffs seek to invoke this Court's "powers of protection against unlawful taking and excessive, deceptive charging on our mortgage saving us from a Fraudulent Foreclosure." *Id.* at 26. Invoking 42 U.S.C. § 1983, as well as various other federal statutes and provisions of the United States Constitution, Plaintiffs assert the following counts, apparently all of which are asserted against all of the Defendants: (1) Material Breach of Contract, (2) Duress, (3) Extortion, (4) Conspiracy, (5) Defamation of Character, (6) Theft by Conversion, (7) Breach of Duty, (8) Deception/Deceit, (9) Fraud, (10) Abuse of Process, (11) Negligence, (12) Contradictory Statements, (13) Loss of Consortium, (14) Intentional Infliction of Emotional Distress, (15) Negligent Infliction of Emotional Distress, and (16) False, Deceptive, Misleading Representation. *Id.* at 37-44.

Plaintiffs filed suit in this Court on September 5, 2013, and filed their [6] Amended Complaint on October 31, 2013. At the time Plaintiffs filed this lawsuit, they were involved in the above-referenced judicial foreclosure action against Deutsche Bank in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida. *Id.* at 3-4. This case, *Deutsche Bank National Trust Company as Trustee for the Registered Holders of CDC Mortgage Capital Trust 2003-HE4 Mortgage Pass-Through Certificates 2003-HE4, et al., v. Liebman, et al.*, No. 2010-CA-35247, was presided over by Defendant Judge Marc Schumacher. On December 19, 2013, Judge Schumacher issued a Final Judgment of Foreclosure in this case, concluding that the Liebmans owed Deutsche Bank $212,212.31. This order also set a date for sale of the

4

foreclosed-upon property.³

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

A court must dismiss a case pursuant to Rule 12(b)(1) when it lacks subject matter jurisdiction. In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."). "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. Envtl. Prot. Agency*, 121 F.Supp.2d 84, 90 (D.D.C. 2000). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F.Supp.2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted).

---

³ Although no party notes the issuance of this Final Judgment of Foreclosure, the Court is permitted to take judicial notice of this opinion from another court. *See Crowder v. Bierman, Geesing, and Ward LLC*, 713 F.Supp.2d 6, 9 n. 6. (D.D.C. 2010).

B. **Rule 12(b)(3)**

When presented with a motion to dismiss for improper venue under Rule 12(b)(3), the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor and resolves any factual conflicts in the plaintiff's favor." *James v. Verizon Servs. Corp.*, 639 F.Supp.2d 9, 11 (D.D.C. 2009). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F.Supp.2d 52, 56 (D.D.C. 2003). In order "[t]o prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue." *Khalil v. L-3 Commc'ns Titan Grp.*, 656 F.Supp.2d 134, 135 (D.D.C. 2009) (internal citation omitted). Unless there are "pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." *Williams v. GEICO Corp.*, 792 F.Supp.2d 58, 62 (D.D.C.2011).

C. **Rule 12(b)(5)**

A court ordinarily may not exercise personal jurisdiction over a party named as a defendant in the absence of service of process (or waiver of service by the defendant). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946) ("[S]ervice of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served.")). Pursuant to Federal Rule of Civil Procedure 12(b)(5), "if the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint" without prejudice. *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003); *see also*

*Simpkins v. District of Columbia*, 108 F.3d 366, 369 (D.C. Cir. 1997). "[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of [Federal Rule of Civil Procedure 4] and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 750 (D.C. Cir. 1987) (internal quotation omitted).

### III. DISCUSSION

Defendant Judge Marc Schumacher has moved to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction on the ground that Plaintiffs' complaint is essentially a challenge to the judgment against Plaintiffs in the pending Florida state court foreclosure action, a claim barred by the *Rooker-Feldman* doctrine. *See* Schumacher MTD at 4-6.

Under the *Rooker-Feldman* doctrine, which derives its name from two Supreme Court cases, *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994) (citing *Feldman*, 460 U.S. at 482; *Rooker*, 263 U.S. at 416). Pursuant to this doctrine, federal district courts do not have the "authority to review final judgments of a state court in judicial proceedings," *Feldman*, 460 U.S. at 482, or to decide federal constitutional claims that are so "inextricably intertwined with a state court decision that the district court is in essence being called upon to review the state-court decision." *Stanton v. Dist. of Columbia Court of Appeals*, 127 F.3d 72, 75 (D.C. Cir. 1997) (quoting *Feldman*, 460 U.S. at 483-84). The *Rooker-Feldman* doctrine is based on the jurisdictional grant codified in 28 U.S.C. § 1257, which authorizes only the Supreme Court to

7

exercise appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257(a). "The *Rooker-Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court." *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002).

The Court finds that to the extent Plaintiffs are invoking the United States Constitution to challenge the propriety of their judicial foreclosure, Plaintiffs' Complaint falls within the ambit of the *Rooker-Feldman* doctrine. A decision by this Court as to Plaintiffs' challenge to their foreclosure would "amount to the functional equivalent of an appeal from a state court." *Id.* As noted, on December 19, 2013, the Circuit Court of the 11th Judicial Circuit Court in and for Miami-Dade County, Florida issued a Final Judgment of Foreclosure against Plaintiffs. Having lost the judicial foreclosure action brought against them in state court, Plaintiffs in this action raise claims that in essence contest the validity of that judgment. Although Plaintiffs' suit is not styled as an appeal from the foreclosure action, having been filed prior to the issuance of the final judgment of the foreclosure, it does repeatedly contest the propriety of the foreclosure. *See, e.g.,* Am. Compl. at 3-4, 5, 11, 16, 29-32. Consequently, at this point, with the state court having issued its decision, a decision by this Court on whether this foreclosure is appropriate would function as an improper appeal of the state court judgment as to the foreclosure.

In similar cases, other courts of this district have concluded that the *Rooker-Feldman* doctrine barred litigation of claims that would challenge the results of state court judicial foreclosure actions. *See, e.g., Glaviano v. J.P. Morgan Chase Bank, N.A.*, No. 13-cv-2049, 2013 WL 6823122, at *2 (D.D.C. Dec. 27, 2013) ("Under the *Rooker-Feldman* abstention doctrine, the Court lacks jurisdiction to hear what amounts to the Plaintiffs' challenge to decisions of California state courts."); *Davenport v. Dore*, No. 13-cv-1007, 2013 WL 3438482 (D.D.C. July

8

9, 2013) ("[plaintiff] asks this federal district court to review rulings of the Circuit Court of Maryland for Howard County, a state court. The Court lacks jurisdiction over the Complaint under *Rooker-Feldman* and . . . it must be dismissed."); *Hunter v. U.S. Bank Nat. Ass'n*, 698 F.Supp.2d 94, 100 (D.D.C. 2010) ("All of the injuries alleged in the Complaint stem from the foreclosure of the Property, and [plaintiff] is explicitly seeking a judgment from this Court that would have the effect of modifying the state court's judgment of foreclosure."); *Tremel v. Bierman & Geesing, LLC*, 251 F.Supp.2d 40, 45-46 (D.D.C. 2003) ("What the plaintiff has done, in effect, is to seek the equivalent of appellate review by this Court of a state court judgment by claiming that he has suffered injuries as a direct result of the foreclosure proceedings."). So too here, a judgment in Plaintiffs' favor on issues relating to the judicial foreclosure would operate, in effect, as a reversal of the concluded state court proceedings. Accordingly, this Court lacks subject matter jurisdiction to hear any of Plaintiffs' claims related to the propriety of the foreclosure of their home.[4] Given that Defendant Judge Marc Shumacher presided over this judicial foreclosure proceeding and appears to have no other relation to this case, Plaintiffs' claims against Defendant Schumacher are dismissed for lack of subject matter jurisdiction.[5]

However, given the vagueness and scattershot nature of Plaintiffs' 53-page Amended

---

[4] Although Plaintiffs are barred from seeking an appeal of claims related to their foreclosure in this Court or another federal district court, they are entitled to appeal the foreclosure in the Florida state court system. Indeed, it appears Plaintiffs have done so, filing a Notice of Appeal from Judge Schumacher's decision on January 17, 2014.

[5] Because the Court concludes that it is without subject matter jurisdiction to hear Plaintiffs' Complaint as to Defendant Judge Marc Schumacher, the Court does not address the various other grounds for dismissal asserted by Defendant Schumacher. However, the Court notes that even if subject matter jurisdiction were proper here, any claims against Defendant Schumacher are barred by the doctrine of judicial immunity, since a judge acting in his or her judicial capacity – i.e., performing a "function normally performed by a judge" – is immune from suit on all judicial acts as long as the judge was not acting in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

9

Complaint, which includes an additional 85 pages of exhibits, the Court recognizes that the *Rooker-Feldman* doctrine may not bar all of Plaintiffs' claims. Although the gravamen of Plaintiffs' Complaint addresses the propriety of the foreclosure action, this Court has an obligation to construe Plaintiffs' Complaint liberally, given their *pro se* status. Taking a broad view of Plaintiffs' lengthy pleading, the Court concludes that their Complaint could be read to raise a challenge that extends beyond the instant foreclosure to include claims not "inextricably intertwined", *Stanton*, 127 F.3d at 75, with the state court judicial foreclosure proceeding. Plaintiffs appear to challenge actions that preceded their foreclosure, including allegedly inflated and deceptive billing practices. *See* Am. Compl. at 27-28. On behalf of themselves and others similarly situated, they seek an injunction prohibiting these practices going forward as well as punitive damages for past wrongs. *Id.* at 32. While these issues may well have been decided in the Florida state court proceeding, based on the parties' filings and the materials available on the public docket of the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida the Court cannot conclusively determine the extent to which these issues were addressed in that action. Nevertheless, even if this Court did have subject matter jurisdiction to consider these claims – assuming they were not decided in the state court litigation – the remainder of Plaintiffs' suit is dismissed without prejudice for improper venue and failure to serve.[6]

Defendants Ocwen Loan Servicing LLC, Deutsche Bank National Trust Company, Adam Hartley, Scott Sherman, and Baker Donelson Bearman Caldwell & Berkowitz have moved to

---

[6] Although the Court relies on procedural considerations to dismiss the portion of Plaintiffs' suit not seeking to challenge the judicial foreclosure of their home, the Court notes that to the extent Plaintiffs' seek to bring a class action on behalf of similarly situated homeowners, they may not do so *pro se*. *See DeBrew v. Atwood*, 847 F.Supp.2d 95, 105 (D.D.C. 2012) ("Plaintiff may represent himself as a *pro se* litigant, but he is not qualified to appear on behalf of another person.").

dismiss this lawsuit, *inter alia*, pursuant to Rule 12(b)(3) for improper venue. *See* Deutsche Bank MTD at 4-7; Hartley MTD at 9-12. Under 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a district where a defendant resides, if all defendants are residents of the State in which the district is located; (2) a district in which a substantial part of the events giving rising to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district where the action may be brought, any district where a defendant is subject to the court's personal jurisdiction.

Under the first prong of §1391(b), these Defendants correctly point out that they are not residents of the District of Columbia for purposes of this case. *See* Deutsche Bank MTD at 5-7; Hartley MTD at 10-12. Neither of the individual Defendants challenging venue – Hartley and Sherman – are residents of the District of Columbia. Hartley MTD at 11. Furthermore, the Court finds that none of the corporate defendants challenging venue – Ocwen Loan Servicing LLC, Deutsche Bank National Trust Company, and Baker Donelson Bearman Caldwell & Berkowitz – are residents of the District of Columbia. Pursuant to 28 U.S.C. § 1391(c)(2), a corporate defendant is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." To establish personal jurisdiction over a foreign corporation in the District of Columbia, a court must first "examine whether jurisdiction is applicable under the state's long-arm statute" before "determin[ing] whether a finding of jurisdiction satisfies the constitutional requirements of due process." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).

Plaintiffs do not allege that Ocwen Loan Servicing LLC, Deutsche Bank National Trust Company, or Baker Donelson Bearman Caldwell & Berkowitz's actions giving rise to this suit occurred in the District of Columbia. Accordingly, the only other relevant statutory basis for the

exercise of personal jurisdiction over these Defendants is D.C. Code § 13-334(a), which establishes "general" personal jurisdiction over foreign corporations. Plaintiff, however, may not invoke § 13-334(a) unless the corporation was served within the District of Columbia. *See Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 514 (D.C. Cir. 2002) ("Where the basis for obtaining jurisdiction over a foreign corporation is § 13-334(a) . . . a plaintiff who serves the corporation by mail outside the District is 'foreclosed from benefitting from [the statute's] jurisdictional protection.'") (quoting *Everett v. Nissan Motor Corp.*, 628 A.2d 106, 108 (D.C.1993)). Here, Plaintiffs failed to serve Defendants Ocwen and Deutsche Bank in the District of Columbia, *see* ECF No. [28] (return-of-service affidavit stating that Ocwen was served in Florida), ECF No. [40-1] (return-of-service affidavit stating that Deutsche Bank was served in New York), and have failed to serve Baker Donelson Bearman Caldwell & Berkowitz with process. Accordingly, venue is not proper in this district under 28 U.S.C. § 1391(b)(1).

Plaintiffs also fails to establish venue over these Defendants under 28 U.S.C. § 1391(b)(2), under which venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Without contradiction from Plaintiffs, the Defendants challenging venue state that none of the events that form the basis of Plaintiffs' Complaint occurred in the District of Columbia. Deutsche Bank MTD at 6; Hartley MTD at 11. Indeed, the surviving portion of Plaintiffs' suit arises out of the servicing of a mortgage on a home in Florida. Plaintiffs make no allegations in their Complaint or in other filings that tie the events underlying this action to the District of Columbia.

Finally, venue is improper in this district under 28 U.S.C. §1391(b)(3), which states that "if there is no district in which an action may be brought as provided in this section" venue is

proper in "any judicial district in which a defendant is subject to the court's personal jurisdiction with respect to such action." Here, venue would be proper pursuant to 28 U.S.C. § 1391(b)(2) in the Southern District of Florida. Plaintiffs live in that district and they experienced the allegedly fraudulent and malicious billing procedures there. Accordingly, given that another district exists where this action may be brought, venue is not appropriate here under the safety net provision of 28 U.S.C. §1391(b)(3).

Plaintiffs do not argue that venue is appropriate in this district, but rather argue that Defendant Deutsche Bank has waived its right to raise the defense of improper venue as it filed its responsive pleading more than 21 days after being served with the Amended Complaint in this action. Pls.' Opp'n to Deutsche Bank & Hartley MTD at 5-6. The Court finds this argument unpersuasive. First, Plaintiffs do not address the fact that other Defendants contesting venue besides Deutsche Bank have shown that venue is clearly improper in this district. Second, Deutsche Bank states that it was not properly served with the Amended Complaint in this action pursuant to Fed. R. Civ. P. 4, as the version served upon it differs from the version filed on the docket. Deutsche Bank MTD at 18-19; Deutsche Bank Mot. to Strike at 2-3, 5. In response, Plaintiffs simply state that Deutsche Bank has waived its ability to argue improper service by filing an allegedly late Rule 12(b) motion. Pls.' Opp'n to Deutsche Bank & Hartley MTD at 10-11. Plaintiffs do not respond in substance to Deutsche Bank's argument regarding improper service or explain why a different version of the Complaint was served on Defendant Deutsche Bank. *See, e.g., Teamsters Local 639 Employees, Health Trust v. Hileman*, No. 13-833, 2013 WL 5738022, at *3 (D.D.C. Oct. 23, 2013) ("Although proper service can be waived, actual notice of a lawsuit is insufficient to constitute waiver and establish personal jurisdiction."); *Rowe v. District of Columbia*, 892 F.Supp.2d 174, 180 (D.D.C. 2012) (noting that service of process is

improper "even if a defendant had actual notice.") (internal citation omitted); *Shaw v. District of Columbia*, No. 05-cv-1284, 2006 WL 1371681, at *5 (D.D.C. May 15, 2005) ("It is well-established that a named defendant's actual knowledge of a lawsuit is no substitute for proper service of process under Federal Rule of Civil Procedure 4.").[7] Indeed, as of the date of this opinion, Plaintiffs have still failed to serve the official version of the Amended Complaint on Defendant Deutsche Bank.[8]

When venue is improper, the Court must dismiss the suit or, "if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision to transfer or dismiss is committed to the sound discretion of the district court. *See Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, 771 F.2d 521, 534 (D.C. Cir. 1985) (describing "whether the court dismisses or transfers" for lack of venue as "a determination which rests in the broad discretion of the court"). Here, in light of this opinion dismissing an uncertain portion of Plaintiffs' Complaint for lack of subject matter jurisdiction, the Court concludes that dismissal without prejudice with respect to the Defendants challenging

---

[7] The Court notes that *Ali v. Mid-Atlantic Settlement Services*, 233 F.R.D. 32, 36 (D.D.C. 2006) states that "[w]here the defendant receives actual notice and the plaintiff makes a good faith effort to serve the defendant pursuant to the federal rule, service of process has been effective." However, that case is distinguishable from the facts here, as it involved a situation where a defendant claimed he never received service, despite the fact that a *proper version* of the summons and complaint were left for the defendant with both his mother and his doorman, as well as at the door of defendant's apartment at defendant's instruction. *Id.* at 37-38. Here, by contrast, Defendant Deutsche Bank received a *different* copy of the complaint than that which was filed on the docket. *Ali* does not address the appropriateness of service in this context, where the wrong papers were served on the defendant.

[8] For the same reasons, Defendant's [24] Motion to Strike Affidavit of Default Filed by Plaintiffs Against the Trust or in the Alternative Response to Affidavit of Default is granted. When Defendant Deutsche Bank failed to respond within 21 days of Plaintiffs' improper service, Plaintiffs filed an Affidavit for Default. *See* Pl.'s Req. for Entry of Default. Defendant Deutsche Bank opposed the entry of default on the grounds that service was improper and default was not justified. *See* Deutsche Bank Mot. to Strike. Because the Court agrees that Deutsche Bank was improperly served, an entry of default against Deutsche Bank would be inappropriate.

venue is appropriate. Accordingly, Plaintiffs' claims against Defendants Ocwen Loan Servicing LLC, Deutsche Bank National Trust Company, Adam Hartley, Scott Sherman, and Baker Donelson Bearman Caldwell & Berkowitz distinct from any challenge to the judicial foreclosure and other issues decided in the state court proceeding are dismissed without prejudice. Any claims against these Defendants relating to the propriety of the foreclosure are barred by lack of subject matter jurisdiction in any federal district court. However, any remaining claims against these Defendants may be brought by Plaintiffs in a federal district court where venue is proper.[9]

The remaining Defendants in this action, to the extent Plaintiffs' claims against them are not predicated on any issues decided in the state court judicial foreclosure proceeding, are dismissed without prejudice for failure to serve. These Defendants are Joseph Ackerman, Hugo Banziger, Anshu Jain, Jurgen Fitschien, Rainer Neske, Hermann Josef-Lamberti, Stefan Krause, Kevin Parker, Pierre De Weck, Clemens Borsig, Michael Cohrs, Reena Ruzario, Willima C. Erbey, Ronald Farris, Ashresh Pandey, Mr. Baker, Mr. Donelson, Mr. Bearman, Mr. Caldwell, Mr. Berkowitz, Mr. Koplowitz, Mr. Ostrow, John Does 1-5, Dade County Circuit Court, Kopelowitz Ostrow P.A., Elizabeth Wellborn, Yasmin Chew-Alexis, Brian Koplowitz, Jeffrey Ostrow, and Chantel Grant. *See* Am. Compl. at 1-2. Pursuant to Rule 4(m), Plaintiffs were required to serve all Defendants with process within 120 days of the filing of a lawsuit. Fed. R. Civ. P. 4(m). The Complaint in this action was filed on September 5, 2013, meaning Plaintiffs should have served all Defendants by January 3, 2014. None of the above-named Defendants, as well as several Defendants dismissed for other reasons, were served by this date. On January 14, 2014, this Court issued a [34] Order granting Plaintiffs additional time to serve all remaining

---

[9] Because the Court dismisses this action as to these Defendants for improper venue, it does not reach the remaining grounds for dismissal asserted in these Defendants' Motions to Dismiss. *See* Deutsche Bank MTD at 7-19; Hartley MTD at 5-9, 12-23.

unserved Defendants. However, the Court warned Plaintiffs that "[i]n order to avoid the finality of a mandatory dismissal" as to the unserved Defendants, "by no later than FEBRUARY 3, 2014, Plaintiffs [needed to] either cause process to be served and proof of service to be filed with the Court as to these Defendants, or file a status report with the Court explaining why service ha[d] not been made." *See* Order (Jan. 14, 2014), ECF No. [34] at 2. Service was not accomplished by this date, and Plaintiffs failed to file a status report by this date.[10] Accordingly, pursuant to Fed. R. Civ. P. 4(m) and this Court's January 14, 2014 [34] Order, Plaintiffs' claims against Defendants Joseph Ackerman, Hugo Banziger, Anshu Jain, Jurgen Fitschien, Rainer Neske, Hermann Josef-Lamberti, Stefan Krause, Kevin Parker, Pierre De Weck, Clemens Borsig, Michael Cohrs, Reena Ruzario, Willima C. Erbey, Ronald Farris, Ashresh Pandey, Mr. Baker, Mr. Donelson, Mr. Bearman, Mr. Caldwell, Mr. Berkowitz, Mr. Koplowitz, Mr. Ostrow, John Does 1-5, Dade County Circuit Court, Kopelowitz Ostrow P.A., Elizabeth Wellborn, Yasmin Chew-Alexis, Brian Koplowitz, Jeffrey Ostrow, and Chantel Grant – to the extent they are based on issues not decided in the state court judicial foreclosure action – are dismissed without prejudice for failure to serve.[11]

## IV. CONCLUSION

For the foregoing reasons, this action is DISMISSED in its entirety. The Court GRANTS

---

[10] After this February 3, 2014 deadline, Plaintiffs late-filed a request for an additional extension of the time to effect service. *See* Motion for Extension of Time to Respond to Motion to Dismiss Plaintiffs' Amended Complaint Including Additional Time to Effect Service as Ordered on Jan. 14, 2014 Due to Extenuating Circumstances Beyond Our Control, ECF No. [41]. The Court denies this request today by separate Order.

[11] Because the Court dismisses this action as to these Defendants for failure to serve, it does not reach the remaining grounds for dismissal asserted by Defendants William C. Erbey, Ronald M. Farris, Joseph Ackerman, Hugo Banziger, Anushu Jain, Jurgen Fitschein, Rainer Neske, Herman-Josef Lamberti, Stefan Krause, Kevin Parker, Pierre De Weck, Clemens Borsig, and Michael Cohrs. *See* Erbey MTD at 5-15.

(1) Defendant Judge Schumacher's [25] Motion to Dismiss Amended Complaint with Prejudice, (2) Defendants Ocwen Loan Servicing LLC and Deutsche Bank's [17] Motion to Dismiss Plaintiffs' Amended Complaint, (3) Defendants Adam Hartley, Scott Sherman, and Baker Donelson Bearman Caldwell & Berkowitz's [18] Motion to Dismiss Plaintiffs' Amended Complaint, and (4) Defendants William C. Erbey, Ronald M. Farris, Joseph Ackerman, Hugo Banziger, Anushu Jain, Jurgen Fitschein, Rainer Neske, Herman-Josef Lamberti, Stefan Krause, Kevin Parker, Pierre De Weck, Clemens Borsig, and Michael Cohrs' [29] Motion to Dismiss Plaintiffs' Amended Complaint. The Court also GRANTS Defendant Deutsche Bank's [24] Motion to Strike Affidavit of Default Filed by Plaintiffs Against the Trust or in the Alternative Response to Affidavit of Default. The remaining Defendants in this action are dismissed for failure to serve pursuant to this Court's January 14, 2014 [34] Order. Accordingly, Plaintiffs' claims are DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction to the extent they seek to challenge the judicial foreclosure of their home or any other issue already decided in the Florida state court foreclosure action. Plaintiffs' remaining claims, to the extent they exist, are DISMISSED WITHOUT PREJUDICE for improper venue and failure to serve. An appropriate Order accompanies this Memorandum Opinion.

                                         */s/*
                                   **COLLEEN KOLLAR-KOTELLY**
                                   UNITED STATES DISTRICT JUDGE